**Robert A. RICHMAN, Plaintiff,**

v.

**PEDIATRIC SERVICE GROUP, LLP and State University of New York Upstate Medical University at Syracuse, New York, Defendants.**

**No. 501CV815HGMGJD.**

United States District Court, N.D. New York.

Sept. 17, 2002.

Lacy, Katzen, Ryen & Mittleman, LLP, Rochester, NY (Peter T. Rodgers, of counsel), for plaintiff.

Greene, Hershdorfer & Sharpe, Syracuse, NY (Lorraine M. Mertell, of counsel), for Defendant Pediatric Service Group, LLP.

Hon. Eliot L. Spitzer, Attorney General of the State of New York, Office of the Attorney General, Syracuse Regional Office, Syracuse, NY (Senta Barry Siuda, AAG, Of counsel), for Defendant State University of New York.

### MEMORANDUM—DECISION AND ORDER

MUNSON, Senior District Judge.

### BACKGROUND

In 1976, plaintiff Robert Richman began working for defendant Pediatric Service Group, LLP ("Group") and the Department of Pediatrics of the College of Medicine of defendant State University of New York Upstate Medical University at Syracuse, New York ("Upstate"). Plaintiff's duties were split between his clinical practice with the Group and his academic duties at Upstate.

In August of 1994, plaintiff suffered a thalamic or sensory stroke, which resulted in the entire left side of his body perceiving sensation as constant pain and "pins and needles." Plaintiff also suffers from a heart condition and lacks peripheral vision on the left side of each of his eyes. Additionally, in October of 1997, plaintiff had right hip replacement surgery and as a result, cannot run or bend to pick up anything from the ground.

In January of 1998, Dr. Howard Weinberger, the Chair of Pediatrics at Upstate, requested that plaintiff stop seeing patients until he underwent a psychological and physical evaluation by the Physician Prescribed Evaluation Program ("PPEP"). Plaintiff refused to participate in an evaluation by PPEP and instead filed a complaint with the New York State Division of Human Rights and with the EEOC, alleging that he had been discriminated against on the basis of age and perceived disability.

Plaintiff alleges that as a result of filing the complaint, the Group removed him from his position as Division Chief, reduced his salary by $30,840.00, increased his on-call responsibilities, and moved him to a non-medical building. Furthermore, plaintiff alleges that the Group refused to reasonably accommodate him in his requests for assistance in performing research and denied him reasonable and necessary administrative support services.

Plaintiff filed his original complaint on May 29, 2001, naming the Group as the only defendant. In March of 2002, plaintiff filed his First Amended Verified Complaint in which he named Upstate as a defendant for the first time. In the First Amended Verified Complaint, Count I and II, plaintiff alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12111 et seq., against the Group only. In Count III and IV, plaintiff alleged violations of the New York State Human Rights Law, Executive Law § 290

("HRL"), against both the Group and Upstate.

Currently before the court is Upstate's motion to dismiss all claims against it for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff has entered no opposition to this motion.

## DISCUSSION

### I. *Rule 12(b)(1) Standard*

The standard for a motion to dismiss for lack of subject matter jurisdiction is well-settled. Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a claim where a federal court "lacks jurisdiction over the subject matter." In considering a Rule 12(b)(1) motion, a court must assume that all factual allegations in the complaint are true. *See Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998). The plaintiff must prove the court's jurisdiction by a preponderance of the evidence. *Id.* at 131. If the plaintiff fails to meet his burden of proof, the court will dismiss the action for lack of subject matter jurisdiction.

### II *State Law Claims Against Upstate*

Upstate argues that the Eleventh Amendment prevents this court from possessing subject matter jurisdiction to adjudicate plaintiff's HRL claims.

The Eleventh Amendment bars suits against states by their own citizens in federal court in the absence of waiver of the immunity by the state or abrogation by Congress. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 112, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). For purposes of the Eleventh Amendment, Upstate, a division of the State University of New York, "is an integral part of the government of the state of [New York] and when it is sued the State is a real party." *Dube v. State University of New York*, 900 F.2d 587, 594 (2d Cir.1990).

Although a state may waive the protection of the Eleventh Amendment, a federal court will find a waiver "only where stated 'by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.'" *See Pazamickas v. New York State Office of Mental Retardation and Dev. Disabilities*, 963 F.Supp. 190, 196 (N.D.N.Y.1997)(McAvoy, C. J.)(quoting *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662, L.Ed.2d 662 (1974)). Considering that Upstate has not consented to be sued in federal court on pendent state law claims, the only issue with respect to this court's jurisdiction over the HRL claims is whether § 297(9) of the HRL operates to waive the State's immunity to suit in federal court. Section 297(9) provides, in relevant part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate ... No person who has initiated any action in a court of competent jurisdiction ... may file a complaint with respect to the same grievance under this section.

Numerous district courts within this Circuit have determined that nothing in the statutory language of the HRL provides the basis for finding that New York State has waived its Eleventh Amendment Immunity. *See Gragg v. NYS Dept. of Envtl. Conservation*, 2000 WL 246272, *2, 2000 U.S. Dist. LEXIS 19607, *10 (N.D.N.Y.2000)(Pooler, C.J.); *Phipps v. NYS Dept. of Labor*, 53 F.Supp.2d 551, 558 (N.D.N.Y.1999)(McAvoy, C.J.); *Jungels v. State Univ. Coll. of New York*, 922 F.Supp. 779, 784 (W.D.N.Y.1996); *Moche v. City Univ. of New York*, 781 F.Supp. 160, 165 (E.D.N.Y.1992); *Cassells v. Univ. Hosp. at Stony Brook*, 740 F.Supp. 143, 148 (E.D.N.Y.1990). Therefore, in conjunction

with the applicable law, this court concludes that plaintiff's HRL claims against Upstate are barred by the Eleventh Amendment.

## CONCLUSION

**WHEREFORE,** for the forgoing reasons, it is hereby

**ORDERED,** that Upstate's motion to dismiss all claims against it for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is **GRANTED.** It is further

**ORDERED,** that the Clerk of the Court serve a copy of this Memorandum–Decision and Order upon the parties by regular mail.

**IT IS SO ORDERED.**